11th JUDICIAL CIRCUIT COURT
MIAMI-DADE COUNTY, FLORIDA
CASE NO.:

BRIGETTE GANDARILLAS,
    Plaintiff,
vs.
EQUIFAX INFORMATION SERVICES LLC,
AMERICAN HONDA FINANCE CORPORATION,
COMENITY BANK, and
BANK OF AMERICA, N.A.,
    Defendants.
_____/

### COMPLAINT
(Jury Demand)

### Introduction

1. This is an action for actual and statutory damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA").

### Jurisdiction

2. The amount in controversy in this action exceeds the sum indicated in Florida Statutes § 34.01(c), thus this action is subject to the jurisdiction of this Honorable Court, as prescribed by Florida Statutes § 26.012(2)(a).

### Venue

3. Venue in this Court is proper because Defendants transact business in Miami-Dade County and the conduct complained of occurred in Miami-Dade County.

## Parties

### *Gandarillas*

4. Plaintiff **Brigette Gandarillas** ("Gandarillas") is a natural person residing in Miami-Dade County, Florida.

5. Gandarillas is a "consumer" according to 15 U.S.C. § 1681a(c).

### *Equifax*

6. Defendant **Equifax Information Services LLC** ("Equifax") is a business entity that regularly conducts business in Miami-Dade County, Florida, and has a principal place of business located in Atlanta, Georgia.

7. Equifax is a "consumer reporting agency" according to 15 U.S.C. § 1681a(f).

8. Equifax is regularly engaged in the business of assembling, evaluating and distributing information concerning consumers for the purpose of furnishing "consumer reports" to third parties, according 15 U.S.C. § 1681a(d).

9. Equifax provides such consumer reports to third parties in exchange for money.

### *American Honda*

*10.* Defendant **American Honda Finance Corporation,** ("American Honda"), is a business entity that regularly conducts business in Miami-Dade County, Florida, and has a principal place of business located in Torrance, California.

11. American Honda regularly and in the course of its business provides information to consumer reporting agencies about its transactions or experiences with consumers.

12. American Honda is a "furnisher" according to 15 U.S.C. § 1681s-2.

*Comenity*

*13.* Defendant **Comenity Bank**, ("Comenity"), is a business entity that regularly conducts business in Miami-Dade County, Florida, and has a principal place of business located in Wilmington, Delaware.

14. Comenity regularly and in the course of its business provides information to consumer reporting agencies about its transactions or experiences with consumers.

15. Comenity is a "furnisher" according to 15 U.S.C. § 1681s-2.

*BofA*

*16.* Defendant **Bank of America, N.A.**, ("BofA"), is a business entity that regularly conducts business in Miami-Dade County, Florida, and has a principal place of business located in Charlotte, North Carolina.

17. BofA regularly and in the course of its business provides information to consumer reporting agencies about its transactions or experiences with consumers.

18. BofA is a "furnisher" according to 15 U.S.C. § 1681s-2.

### Facts

19. On 26 November 2008, Gandarillas filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida, Case No. 08-28145-RAM.

20. On 1 September 2009, Gandarillas obtained a bankruptcy discharge of her debts.

21. On or about June 2012, Gandarillas received a consumer report from Equifax dated 7 June 2011.

22. Equifax's consumer report contained the following incorrect information:

a. CHASE account # 465193916*** was shown with payment history through February 2011 and was shown with a date closed of October 2010 even though the account was discharged through bankruptcy.

b. AMERICAN HONDA FINANCE [a.k.a. American Honda] #8513*** was shown with comments "Bankruptcy chapter 13" when this account was not discharged, was paid directly to the creditor, and Gandarillas completed paying this loan in accordance with the initial loan terms on or about September 2011 at which time the loan was paid in full.

c. WFNNB/LTD [a.k.a. Comenity] account # 84504*** was shown as "closed at consumers request" when there was no debt discharged since the account was not included in the bankruptcy.

d. BAC HOME LNS LP/CTRYWDE [a.k.a. BofA] account #13002*** was shown with a "current status" of "120+ past due" even though the account was discharged through bankruptcy.

23. On or about June 2012 GANDARIALLAS disputed with Equifax the incorrect information pertaining to the CHASE, AMERICAN HONDA FINANCE, WFNNB/LTD, and BAC HOME LNS/CTRYWDE.

24. Instead of conducting an independent investigation of Gandarillas' dispute, Equifax only contacted CHASE, AMERICAN HONDA FINANCE,

WFNNB/LTD, BAC HOME LNS/CTRYWDE, and GULF COAST COLLECTION BURE.

25. On or about 9 July 2012 Equifax responded to Gandarillas's dispute and continued to report incorrect information pertaining to:

a. CHASE (*i.e.*, that the account was closed on 10/2010 when the account should reflect that it was closed no later than the date of the bankruptcy discharge, 9/2009).

b. AMERICAN HONDA FINANCE (*i.e.*, that the account was delinquent, when in fact the account was never delinquent, and that the account was included in the "Bankruptcy Chapter 13" when it was not).

c. WFNNB/LTD ["The Limited"] (*i.e.*, that the account was delinquent when it fact it was not).

d. BAC HOME LNS/CTRYWDE (*i.e.*, that the account was delinquent after the bankruptcy filing and the bankruptcy discharge).

26. At all relevant times, Equifax reported the incorrect information about Gandarillas's to users of its consumer reports.

27. As a result of the reporting of the incorrect information in the consumer reports, Gandarillas has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, diminished credit reputation, decreased credit score, monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls,

postage, faxing and other related actual and opportunity costs.

28. As a result of the reporting of the consumer information in the consumer reports, Gandarillas has suffered mental and emotional pain, humiliation and embarrassment.

29. Equifax's investigations of Gandarillas's disputes consisted of sending information to CHASE, AMERICAN HONDA FINANCE, WFNNB/LTD, and BAC HOME LNS/CTRYWDE, so that they could do their own investigation, and then parroting the result of those investigations.

30. Thus, Equifax did not independently investigate Gandarillas's disputes that the information in her consumer reports and consumer file was inaccurate.

31. Even though Gandarillas provided Equifax with ample proof that the information it was reporting about him was inaccurate, Equifax stuck to its procedure of merely parroting the results of the information it received from its furnishers of information.

32. Had Equifax used a procedure whereby it conducted its own independent investigation--when faced with proof that the information supplied by its furnishers was inaccurate--Equifax would not have reported inaccurate information about Gandarillas.

33. Equifax's practice of merely parroting the results of its furnishers' investigations is not a reasonable procedure which assures maximum possible accuracy in the preparation of consumer reports and consumer files.

## Count I
### [Equifax: Violation of 15 U.S.C. § 1681e(b)]

34. Gandarillas realleges and incorporates here paragraphs 1 through 33.

35. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and consumer file it published and maintained about Gandarillas.

36. As a result of the conduct, actions and inactions of Equifax, Gandarillas has suffered and incurred damages.

37. The conduct, actions and inactions of Equifax was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

38. In the alternative, Equifax was negligent, entitling Gandarillas to recover damages according to 15 U.S.C. § 1681o.

39. Gandarillas is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## Count II
### [Equifax: Violation of 15 U.S.C. § 1681i(a)]

40. Gandarillas realleges and incorporates here paragraphs 1 through 33.

41. Equifax violated 15 U.S.C. § 1681i(a) by:

(i) failing to review and consider all relevant information submitted by Gandarillas concerning the dispute of the inaccurate information;

(ii) failing to delete inaccurate information in its file of Gandarillas after receiving actual notice of such inaccuracy;

(iii) failing to provide all relevant information received from Gandarillas to the furnisher of the information;

(iv) failing to conduct a reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Gandarillas;

(v) failing to delete the inaccurate information contained in its file of Gandarillas after reinvestigation;

(vi) failing to maintain reasonable procedures with which to filter and verify disputed information in its consumer file of Gandarillas.

42. As a result of the conduct, actions and inactions of Equifax, Gandarillas has suffered and incurred damages.

43. The conduct, actions and inactions of Equifax was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

44. In the alternative, Equifax was negligent, entitling Gandarillas to recover damages according to 15 U.S.C. § 1681o.

45. Gandarillas is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

### Count III
### [American Honda: Violation of 15 U.S.C. § 1681s-2(b)]

46. Gandarillas realleges and incorporates here paragraphs 1 through 9, 10-

12, and 19-33.

47. American Honda violated 15 U.S.C. § 1681s-2(b) by:

(i) failing to fully and reasonably investigate the disputes by Gandarillas of the negative information in the consumer reports;

(ii) failing to review all relevant information regarding Gandarillas in the consumer reports;

(iii) failing to correctly report the results to the consumer reporting agencies of what an accurate investigation of Gandarillas would have revealed;

(iv) publishing the negative information about Gandarillas to the credit reporting agencies without also including a notation that the debt was disputed;

(v) failing to conduct an investigation of the inaccurate information that gandarillas disputed;

(vi) failing to review all relevant information it received concerning its account of Gandarillas;

(vii) failing to report the results of its investigations about Gandarillas to the relevant consumer reporting agencies;

(viii) failing to report the inaccurate status of the inaccurate information about Gandarillas to all consumer reporting agencies;

(ix) failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Gandarillas;

(x) failing to provide to the relevant consumer reporting agencies with the

factual information and evidence that Gandarillas submitted to it, and which proved that the information concerning Gandarillas was inaccurate;

(xi) continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Gandarillas to consumer reporting agencies.

48. As a result of the conduct, action and inaction of Furnisher, Gandarillas has suffered and incurred damages.

49. The conduct, actions and inactions of Furnisher was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

50. In the alternative, Furnisher was negligent, entitling Gandarillas to recover damages according to 15 U.S.C. § 1681o.

51. Gandarillas is entitled to recover costs and attorney's fees from Furnisher in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## Count IV
### [Comenity: Violation of 15 U.S.C. § 1681s-2(b)]

52. Gandarillas realleges and incorporates here paragraphs 1 through 9, 13-15, and 19-33.

53. Comenity violated 15 U.S.C. § 1681s-2(b) by:

(i) failing to fully and reasonably investigate the disputes by Gandarillas of the negative information in the consumer reports;

(ii) failing to review all relevant information regarding Gandarillas in the

consumer reports;

(iii) failing to correctly report the results to the consumer reporting agencies of what an accurate investigation of Gandarillas would have revealed;

(iv) publishing the negative information about Gandarillas to the credit reporting agencies without also including a notation that the debt was disputed;

(v) failing to conduct an investigation of the inaccurate information that gandarillas disputed;

(vi) failing to review all relevant information it received concerning its account of Gandarillas;

(vii) failing to report the results of its investigations about Gandarillas to the relevant consumer reporting agencies;

(viii) failing to report the inaccurate status of the inaccurate information about Gandarillas to all consumer reporting agencies;

(ix) failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Gandarillas;

(x) failing to provide to the relevant consumer reporting agencies with the factual information and evidence that Gandarillas submitted to it, and which proved that the information concerning Gandarillas was inaccurate;

(xi) continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Gandarillas to consumer reporting agencies.

54. As a result of the conduct, action and inaction of Furnisher, Gandarillas has suffered and incurred damages.

55. The conduct, actions and inactions of Furnisher was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

56. In the alternative, Furnisher was negligent, entitling Gandarillas to recover damages according to 15 U.S.C. § 1681o.

57. Gandarillas is entitled to recover costs and attorney's fees from Furnisher in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## Count V
### [BofA: Violation of 15 U.S.C. § 1681s-2(b)]

58. Gandarillas realleges and incorporates here paragraphs 1 through 9, 16-18, and 19-33.

59. BofA violated 15 U.S.C. § 1681s-2(b) by:

(i) failing to fully and reasonably investigate the disputes by Gandarillas of the negative information in the consumer reports;

(ii) failing to review all relevant information regarding Gandarillas in the consumer reports;

(iii) failing to correctly report the results to the consumer reporting agencies of what an accurate investigation of Gandarillas would have revealed;

(iv) publishing the negative information about Gandarillas to the credit reporting agencies without also including a notation that the debt was disputed;

(v) failing to conduct an investigation of the inaccurate information that gandarillas disputed;

(vi) failing to review all relevant information it received concerning its account of Gandarillas;

(vii) failing to report the results of its investigations about Gandarillas to the relevant consumer reporting agencies;

(viii) failing to report the inaccurate status of the inaccurate information about Gandarillas to all consumer reporting agencies;

(ix) failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Gandarillas;

(x) failing to provide to the relevant consumer reporting agencies with the factual information and evidence that Gandarillas submitted to it, and which proved that the information concerning Gandarillas was inaccurate;

(xi) continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Gandarillas to consumer reporting agencies.

60. As a result of the conduct, action and inaction of Furnisher, Gandarillas has suffered and incurred damages.

61. The conduct, actions and inactions of Furnisher was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

62. In the alternative, Furnisher was negligent, entitling Gandarillas to recover damages according to 15 U.S.C. § 1681o.

63. Gandarillas is entitled to recover costs and attorney's fees from Furnisher in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

### Relief Sought

WHEREFORE, Gandarillas demands judgment against Defendants for:

(i) actual, statutory and punitive damages;

(ii) attorney's fees and costs;

(iii) pre-judgment and post-judgment interest;

(iv) any other relief this Honorable Court deems just and proper.

### JURY TRIAL DEMAND

64. Plaintiff demands trial by jury.

Dated: 2013-10-15
Coral Gables, Florida
Respectfully submitted,
/s/ Leo Bueno
Fla. Bar #: 716261
LEO BUENO, ATTORNEY, P.A.
P.O. Box 141679
Coral Gables, FL 33114-1679
305-669-5260; 305-328-9301 [fax]
Leo@BuenoLaw.com
*Attorney for Plaintiff Brigette Gandarillas*

U:\CLIENTS\Gandarillas Brigette 0000\Gandarillas FCRA complaint CRAs and Furnishers.doc